# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **MEDICO 140 LLC,** | ) |
| Plaintiff | ) |
| v. | ) C.A. No.: 22-12226 |
| **TOWN OF ANDOVER, and ELIZABETH OLTMAN, CAROL McDONOUGH, LISA RECHISKY, KATHY FAULK, ELLEN KELLER, MICHAEL NOVARIA, DAVID GUERETTE, DANIEL LOPEZ, and RALPH ARABIAN, as they are members of the ZONING BOARD OF APPEALS OF ANDOVER,** | ) |
| Defendants | ) |

## COMPLAINT AND JURY DEMAND

Plaintiff, Medico 140 LLC ("Plaintiff" or "Medico"), by and through its undersigned counsel, by way of Complaint against Defendants, the Town of Andover ("Town" or "Andover") and the Andover Zoning Board of Appeals (the "ZBA"), alleges as follows:

### I. PARTIES

1. Plaintiff, Medico 140 LLC is a Massachusetts limited liability corporation with a principal office located at 335 Middlesex Avenue, Unit 7, Wilmington, Massachusetts.

2. The Town of Andover is a municipal corporation in the Commonwealth of Massachusetts with a principal office located at 36 Bartlett Street, Andover, MA 01810.

3. Defendant, Elizabeth Oltman, is an individual residing at 24 Bradley Road, Andover, MA, and was at all times material hereto the Chairperson of the ZBA.

4. Defendant, Carol McDonough, is an individual residing at 5 Comanche Place, Andover, MA, and was at all times material hereto a member of the ZBA.

5. Defendant, Lisa Rechisky, is an individual residing at 3 Stinson Road, Andover, MA, and was at all times material hereto a member of the ZBA.

1

6. Defendant, Kathy Faulk, is an individual residing at 20 Muirfield Circle, Andover, MA, and was at all times material hereto a member of the ZBA.

7. Defendant, Ellen Keller, is an individual residing at 39 Bannister Road, Andover, MA, and was at all times material hereto a member of the ZBA.

8. Defendant, Michael Novaria, is an individual residing at 20 Blueberry Hill Road, Andover, MA, and was at all times material hereto a member of the ZBA.

9. Defendant, David Guerette, is an individual residing at 33 Boston Road, Andover, MA, and was at all times material hereto a member of the ZBA.

10. Defendant, Daniel Lopez, is an individual residing at 17 Wildwood Road, Andover, MA, and was at all times material hereto a member of the ZBA.

11. Defendant, Ralph Arabian, is an individual residing at 34 Linwood Street, Andover, MA, and was at all times material hereto a member of the ZBA.

## II. FACTS

12. Drug and alcohol abuse is wreaking havoc on public health and safety in communities across the United States, with more than 64,000 lives lost to drug overdoses in 2016 alone.[1] In an effort to recognize and combat this growing epidemic, on March 10, 2016, the United States Senate passed the Comprehensive Addiction and Recovery Act of 2016, which documented the abuse of heroin and prescription opioid painkillers as having "a devastating effect on public health and safety in communities across the United States," with the number of drug overdose deaths now surpassing the number of traffic accident deaths:

> According to the Centers for Disease Control and Prevention, drug overdose deaths now surpass traffic accidents in the number of deaths caused by injury in the United States. In 2014, an average of more than 120 people in the United States died from drug overdoses every day.

---

[1] Drug Overdose Deaths in the United States, 1999-2016. No. 294, National Center for Health Statistics, U.S. Centers for Disease Control and Prevention, December, 2017.

Comprehensive Addiction and Recovery Act of 2016, S.524, 114th Cong., § 2.

13. The overdose death rate in Massachusetts is more than two times the national average.[2]

14. In the year 2021, opioid-related overdose deaths in Massachusetts were 2,281 people up from 547 in 2010. Of those 2,281 people who died from opioid-related drug overdose, 288 were residents of Essex County, up from 49 deaths in 2010.[3]

15. Medico's mission is to provide a neighborhood-based detox and recovery facility for patients suffering from drug and alcohol addiction.

16. To fulfill that mission, Medico acquired a property in Andover located at 140 Haverhill Street, being Assessor's Map 18, Lot 104A (the "Subject Property"), within the Town's Office Park District ("OP District").

17. At the time Medico purchased the Subject Property, a "medical center or clinic" was an allowed use in the OP District and was defined as "A building designed and used for the diagnosis and treatment of human patients that does not include overnight care facilities."

18. Medico planned to operate on the Subject Property a 64 bed "detox" facility ("the Facility") dedicated to treating drug and alcohol abuse, and licensed by the Massachusetts Department of Public Health. The proposed Facility was a new 39,000 square foot building.

19. Under the Andover Zoning Bylaw, a "medical center or clinic" requires 1 parking space per each 200 square feet of net floor area and 4 parking spaces for each doctor or dentist.

20. On July 7, 2022, Medico filed for a variance from Andover Zoning Bylaw Article VIII, Section 10.0 (medical/clinic), and sections 4.1.4.3.b, 5.1.5.2.d, and 5.1.4(C.9) (the "Variance"). This was to seek relief as a "reasonable accommodation" from, respectively: 1) the definition of medical center or clinic which does not include overnight care; 2) the 300' setback from existing buildings, 3) parking circulation, and 4) a reduction of the required number of parking spaces.

21. A public hearing was held on August 4, 2022. At the conclusion, the hearing was continued to September 1, 2022 and the ZBA requested an opinion from Town Counsel on the

---

[2] According to the National Institute on Drug Abuse, the national rate of deaths due to drug overdose in 2016 was 13.3 persons per 100,000, while in Massachusetts it was 29.7 persons per 100,000.
[3] Mass. Department of Public Health; https://www.mass.gov/doc/opioid-related-overdose-deaths-by-county-december-2022/download

"reasonable accommodation" argument and an update on the appeal of Z-21-93 (an earlier ZBA matter granting relief to the Plaintiff).

22. Town Counsel provided an opinion to the ZBA that the reasonable accommodation sought by Medico could be granted.

23. Due to scheduling, the ZBA continued the September 1, 2022 public hearing to October 6, 2022 and at the request of Medico to November 3, 2022.

24. By letter dated October 25, 2022 and at the November 3, 2022 public hearing, Medico withdrew the variance with regard to Sections 4.1.4.3.b (300' setback) and 10.0 (overnight care) as these were previously granted by the ZBA and confirmatory relief was no longer required given the status of the law.

25. By decision dated December 13, 2022, the ZBA granted the relief from Section 5.1.5.2.d (parking circulation) and denied the relief from Section 5.1.4(C.9) (a reduction in required parking) (the "December 13, 2022 Decision").   A true and accurate copy of the December 13, 2022 Decision, which is the subject of this appeal, is attached hereto as Exhibit A.

26. A "Technical Amendment" to the December 13, 2022 Decision was circulated on December 14, 2022.   A true and accurate copy of the Technical Amendment is attached hereto as Exhibit A.

27. Prior to and as part of the Variance, Medico sought from the Town of Andover as a reasonable accommodation pursuant to the Americans with Disabilities Act ("ADA"), the Fair Housing Amendments Act ("FHAA"), the Rehabilitation Act, and State Law, relief from the Town's Bylaws, as set forth *supra*.   A true and accurate copy of Attorney Bobrowski's letters dated June 7, 2021, August 29, 2022 and October 25, 2022 are attached hereto as Exhibit B.   A and true and accurate copy of an April 11, 2022 "Project Summary" is attached hereto as Exhibit C.

28. Although the vote in the December 13, 2022 Decision to approve a reduction in required parking was 3-2 in favor of approving, a 4-1 majority was required to pass a "variance" under the Town's Bylaw.

29. The stated reasoning for the ZBA members voting against the requested reduction in required parking was, "[a] disbelief in the data presented by the Applicant regarding the number of parking spaces required to support the facility, which they believe could cause a public hazard on the adjacent street system and property owners due to overflowed parked vehicles. Subsequent police calls to address any off-site parking would be a detrimental administrative and financial burden to the Town."

30. No data, studies or factual evidence was presented to refute or counter Medico's presentation of the parking demand for the proposed Facility.

31. The proposed Facility has a reduced parking demand as compared to a medical office or clinic, as patients stay overnight in "detox," whereas a typical medical office or clinic providing day treatment may see multiple patients per hour and have numerous patients waiting to be seen, thus requiring more parking capacity. The parking demands of the proposed Facility is more like that of a hospital, that has overnight stays and less daily/hourly turnover. Andover's Bylaws only require 1 parking space per every 2 beds and 1 for each employee for a hospital. If considered a hospital for purposes of parking demand, the Facility would only need 32 parking spaces for "beds" and 1 for each employee, much less than the 87 proposed spaces for the Facility.

32. By decision dated July 12, 2022, the Andover Planning Board stated, in part: "[Medico] has submitted a Traffic Impact and Access Study prepared by Bayside Engineering dated January 19, 2022. The report was peer reviewed by Environmental Partners. . . Both the traffic peer reviewer and the Andover Public Safety Officer agree that the estimated traffic to be generated by the acute treatment facility and the clinical stabilization facility is substantially lower than the traffic generated from Doctors Park I as a fully-occupied medical office building; . . . The applicant has submitted a letter requesting the Board to grant a reasonable accommodation as outlined in their request dated April 11, 2022. . . The applicant has agreed a variance is needed for relief from the zoning bylaw parking requirements for a medical clinic. The Board makes a finding that the traffic flow and safety including parking and loading have been reviewed by experts and have no concerns with the traffic to be generated by this use and the parking is adequate for the use;" Thus, the Andover Planning Board agreed that the proposed reduction in required parking was appropriate, but such needed to be approved by the ZBA.

33. The reasonable accommodation sought, in the form of a reduction from parking requirements imposed by the Town's Bylaws, was reasonable and necessary to provide access to much needed treatment and long-term overnight detox beds for individuals in recovery from substance use who are considered disabled under State and Federal law.

34. The proposed parking for the Facility is more parking than would be required for a hospital, if a hospital were proposed for this site. Thus Medico, as a provider of services and/or housing to individuals in recovery from substance use, is being denied the ability to provide the same level and access to services that would be allowed for those suffering from other illnesses that require overnight care at a typical 'hospital," as a result of the Town's imposition of excessive parking requirements upon a facility dedicated to substance use.

35. The reasoning provided by the two members of the ZBA voting against the requested accommodation is pretext, as there has been public opposition to the Facility in this neighborhood because of the disability of the individuals to be treated and unfounded fear and prejudice.

36. Medico is suffering carrying costs, business losses, lost profits, legal fees, professional fees, and damages as a result of not being able to move forward with its plan to open the Facility. The individuals Medico intends to treat and provide detox beds to are suffering from the wrongful denial of access to this much needed Facility.

37. As a result of the wrongdoing alleged herein, Medico seeks compensatory damages, punitive damages, injunctive relief, and attorneys' fees and costs, and asserts claims under 42 U.S.C. § 12132 (the "Americans with Disabilities Act" or "ADA"), 42 U.S.C. § 3601 (the "Fair Housing Amendments Act" or "FHAA"), 29 U.S.C. § 791 (the "Rehabilitation Act"), the Zoning Act's anti-discrimination provision in G.L. c. 40A, Section 3, the Massachusetts anti-discrimination act, G.L. c. 151B, and review under G.L. c. 40A, Section 17.

### III.  JURISDICTION AND VENUE

38. This Court has jurisdiction over the federal claims alleged in this Complaint under 28 U.S.C. §§ 1331 & 1343 and over the state claims alleged in this Complaint under 28 U.S.C. § 1367.

39. Venue is proper under 28 U.S.C. § 1391(b)(1) & (2) because Defendants are residents of this judicial district, the events or omissions giving rise to the claims set forth herein occurred in this judicial district, and a substantial part of the property that is the subject of the action is situated in this judicial district.

### IV.  CLAIMS FOR RELIEF

#### COUNT 1:
#### VIOLATION OF THE ADA

40. Paragraphs 1 through 39 above are incorporated by reference, as if fully set forth herein.

41. The American with Disabilities Act (the "ADA") provides that no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the service, program, or activity of a public entity, or be subjected to discrimination by any such entity. The ADA makes it unlawful for a public entity, in determining the site or location of a facility, to make selections that have the purpose or effect of excluding

6

individuals with disabilities from, denying them the benefits of, or otherwise subjecting them to discrimination. 28 C.F.R. § 35.130(b)(4).

42. Medico's patients will be qualified persons under the ADA with disabilities that substantially impair one or more major life activities.

43. The first criterion for admission to any part of the Facility is that patients be diagnosed as suffering from drug or alcohol addiction, and participate or agree to participate in substance abuse treatment.

44. For an individual to be eligible for inpatient care at the Facility, Medico's medical personnel must determine that the patient is suffering from drug or alcohol addiction to such a degree that they are unable to care for themselves.

45. While being treated at the Facility, Medico's patients will not be illegally using controlled substances. As a result, its patients are "qualified persons with disabilities" within the meaning of the ADA, 42 U.S.C. § 12102(2) and 28 C.F.R. § 35.104.

46. The Defendants are qualifying public entities within the meaning of the ADA. 42 U.S.C. § 12131(1)(A).

47. Section 12132 of the ADA constitutes a general prohibition against discrimination on the basis of disability by public entities. Federal law declares that discrimination is prohibited in failing to provide a reasonable accommodation or in effectuating discriminatory goals of others, or those of a municipality, through the use of or imposition of rules, laws or zoning, whether legal or otherwise, if done with discriminatory animus or without animus if done in a way that effectuates the discriminatory goals of others.

48. Medico is associated with and/or provides services to disabled individuals protected under the ADA.

49. The Defendants have violated, and are continuing to violate the ADA, by, inter alia: (i) refusing to provide reasonable accommodations to disabled individuals or those that provide services to them (i.e. the Plaintiff); (iii) allowing prejudice against disabled individuals to dictate the outcome of zoning decisions and hearings; and (iii) discriminating against disabled individuals or those providing services to them (i.e. the Plaintiff).

WHEREFORE, Medico demands judgment in its favor and against the Defendants, jointly and severally, and requests that the Court grant the following relief:
(1) Declaratory relief stating that the Defendants' discriminatory zoning decisions and improper denial of Medico's variance application constituted violations of the ADA, and that Medico and its patients are entitled to reasonable accommodations with respect to the requested reduction in parking to 87 spots to facilitate the construction and operation of the Facility as planned;
(2) Preliminary and permanent injunctive relief permitting Medico's proposed reduction in parking for the Facility to 87 spots;

(3) Compensatory damages;
(4) Punitive damages;
(5) Attorneys' fees and costs; and
(6) Such other and further relief as the Court deems necessary and appropriate.

## COUNT 2:
## VIOLATION OF THE FHAA

50. Paragraphs 1 through 49 above are incorporated by reference, as if fully set forth herein.

51. The Fair Housing Amendments Act, 42 U.S.C. § 3601, et seq., (the "FHAA") guarantees fair housing to handicapped individuals.

52. Under the FHAA, the term "handicap" means, with respect to a person, a "physical or mental impairment which substantially limits one or more of such person's major life activities, a record of such impairment, or being regarded as having such an impairment." 42 U.S.C. § 3602(h). The term "physical or mental impairment" includes "alcoholism" and "drug addiction (other than addiction caused by current, illegal use of a controlled substance)." 24 C.F.R. § 100.201.

53. Medico's prospective patients are qualified individuals with disabilities within the meaning of 42 U.S.C. § 12101.

54. Under the FHAA, it is unlawful to discriminate against or otherwise make unavailable or deny a dwelling to any buyer or renter because of a handicap of that buyer, renter, or person residing in or intending to reside in that dwelling after it is sold, rented, or made available. 42 U.S.C. § 3604(f)(1). Municipalities are required to make reasonable accommodations with respect to zoning to provide equal access to dwellings for disabled individuals.

55. Medico's residential treatment space and beds within the Facility qualifies as a dwelling under the FHAA.

56. The Defendants have violated, and are continuing to violate the FHAA, by, inter alia: (i) refusing to provide reasonable accommodations to disabled individuals or those that provide services to them; (iii) allowing prejudice against disabled individuals to dictate the outcome of zoning decisions and hearings; and (iii) discriminating against disabled individuals or those providing services to them.

WHEREFORE, Medico demands judgment in its favor and against the Defendants, jointly and severally, and requests that the Court grant the following relief:
(1) Declaratory relief stating that the Defendants' discriminatory zoning decisions and improper denial of Medico's variance application constituted violations of the FHAA, and that Medico and its patients are entitled to reasonable accommodations with respect to the requested reduction in

parking to 87 spots to facilitate the construction and operation of the Facility as planned;
(2) Preliminary and permanent injunctive relief permitting Medico's proposed reduction in parking for the Facility to 87 spots;
(3) Compensatory damages;
(4) Punitive damages;
(5) Attorneys' fees and costs; and
(6) Such other and further relief as the Court deems necessary and appropriate.

## COUNT 3:
## VIOLATION OF THE REHABILITATION ACT OF 1973

57. Paragraphs 1 through 56 above are incorporated by reference, as if fully set forth herein.

58. The Rehabilitation Act, 29 U.S.C. § 791 et seq., provides that no qualified individual with a disability shall, solely by reason of her or his disability, be excluded from participation in or be denied the benefits of or be subjected to discrimination under any program or activity receiving federal financial assistance. 29 U.S.C. § 794(a).

59. The Town of Andover receives federal financial assistance, including through federal grant programs such as the Community Development Block Grant program, which is funded by the U.S. Department of Housing and Urban Development.

60. Section 508 of the Rehabilitation Act defines "program or activity" as "all of the operations" of specific entities, including "a department, agency, special purpose district, or other instrumentality of a State or of a local government." 29 U.S.C. § 794(b)(1)(A).

61. Zoning decisions by a municipality are normal functions of a governmental entity and thus are covered by the Rehabilitation Act.

62. Medico's patients are qualified persons under the Rehabilitation Act with disabilities that substantially impair one or more major life activities.

63. The first criterion for admission to any part of the Facility is that patients be diagnosed as suffering from drug or alcohol addiction, and participate or agree to participate in substance abuse treatment.

64. For an individual to be eligible for inpatient care at the Facility, Medico's medical personnel must determine that the patient is suffering from drug or alcohol addiction to such a degree that they are unable to care for themselves.

65. While at the Facility, Medico's patients are not illegally using controlled substances. As a result, its patients are "qualified persons with disabilities" within the meaning of the Rehabilitation Act, 29 U.S.C. § 706(8)(C)(ii)(II).

66. The ZBA is a qualifying public entity within the meaning of the Rehabilitation Act.

67. Section 508 of the Rehabilitation Act constitutes a general prohibition against discrimination on the basis of disability by public entities.

68. The Defendants have violated, and are continuing to violate the Rehabilitation Act by, inter alia: (i) refusing to provide reasonable accommodations to disabled individuals or those that provide services to them; (iii) allowing prejudice against disabled individuals to dictate the outcome of zoning decisions and hearings; and (iii) discriminating against disabled individuals or those providing services to them.

WHEREFORE, Medico demands judgment in its favor and against the Defendants, jointly and severally, and requests that the Court grant the following relief:
(1) Declaratory relief stating that the Defendants' discriminatory zoning decisions and improper denial of Medico's variance application constituted violations of the Rehabilitation Act, and that Medico and its patients are entitled to reasonable accommodations with respect to the requested reduction in parking to 87 spots to facilitate the construction and operation of the Facility as planned;
(2) Preliminary and permanent injunctive relief permitting Medico's proposed reduction in parking for the Facility to 87 spots;
(3) Compensatory damages;
(4) Punitive damages;
(5) Attorneys' fees and costs; and
(6) Such other and further relief as the Court deems necessary and appropriate.

## COUNT 4
## VIOLATION OF STATE LAW – G.L. c. 40A, SECTION 17

69. Paragraphs 1 through 68 above are incorporated by reference, as if fully set forth herein.

70. As detailed above, the ZBA was wrong as a matter of law, palpably abused its discretionary authority and acted in an arbitrary and capricious manner when it denied Medico's request for a reasonable accommodation with respect to a reduction in required parking through its variance application.

71. G.L. c. 40A, s. 17 states that "[a]ny person aggrieved by a decision of the board of appeals or any special permit granting authority" may appeal to a court of competent jurisdiction. In such appeal "[t]he court shall hear all evidence pertinent to the authority of the board or special permit granting authority and determine the facts, and, upon the facts as so determined, annul such decision if found to exceed the authority of such board or special permit granting authority or make such other decree as justice and equity may require."

72. The ZBA's Decision was arbitrary and capricious and ignored the uncontroverted evidence that the proposed parking was adequate given the proposed use and was reasonable and necessary to provide access to much needed treatment facilities for those in recovery and/or seeking treatment for substance use. The ZBA's findings ignore the uncontroverted evidence establishing that the proposed parking was adequate for the Facility. The Decision exceeds the authority of the ZBA and should be annulled.

WHEREFORE, Medico demands judgment in its favor and against the Defendants, jointly and severally, and requests that the Court grant the following relief:
(1) Declaratory relief stating that the ZBA's actions were arbitrary, capricious, unreasonable, and in violation of the Zoning Act and the local Zoning By-laws;
(2) Entry of an Order annulling and/or overturning the ZBA's denial of Medico's variance application with respect to parking;
(3) Preliminary and permanent injunctive relief permitting Medico's construction and operation of the Facility as planned with respect to reduced parking;
(4) Compensatory damages;
(5) Punitive damages;
(6) Attorneys' fees and costs; and
(7) Such other and further relief as the Court deems necessary and appropriate.

## COUNT 5
## VIOLATION OF STATE LAW – G.L. c. 40A, Section 3

73. Paragraphs 1 through 72 above are incorporated by reference, as if fully set forth herein.

74. The ZBA violated the provisions of G.L. c. 40A, s. 3, which states, in pertinent part:

> Notwithstanding any general or special law to the contrary, local land use and health and safety laws, regulations, practices, ordinances, by-laws and decisions of a city or town shall not discriminate against a disabled person. Imposition of health and safety laws or land-use requirements on congregate living arrangements among non-related persons with disabilities that are not imposed on families and groups of similar size or other unrelated persons shall constitute discrimination. The provisions of this paragraph shall apply to every city or town, including, but not limited to the city of Boston and the city of Cambridge.

75. The ZBA's imposition of parking requirements for the Facility are more onerous and treat differently those in recovery from substance use from those suffering from other illnesses that may require general hospitalization and therefore the ZBA's zoning laws have the effect of preventing the construction and operation of facilities (such as that proposed) with the same access that would be available to those needing overnight care who are not specifically suffering from substance use issues.

WHEREFORE, Medico demands judgment in its favor and against the Defendants, jointly and severally, and requests that the Court grant the following relief:
(1) Declaratory relief stating that the Board's actions were arbitrary, capricious, unreasonable, and in violation of G.L. c. 40A, s. 3;
(2) Entry of an Order overturning the Board's denial of Medico's variance application;
(3) Preliminary and permanent injunctive relief permitting Medico's construction and operation of the Facility as planned with a reduction in parking under the zoning;
(4) Compensatory damages;
(5) Punitive damages;
(6) Attorneys' fees and costs; and
(7) Such other and further relief as the Court deems necessary and appropriate.

## COUNT 6
## VIOLATION OF MASSACHUSETTS LAW AGAINST DISCRIMINATION
## G.L. c. 151B et seq.

76. Paragraphs 1 through 75 above are incorporated by reference, as if fully set forth herein.

77. G.L. c. 151B, s. 4 makes it unlawful "[f]or any person to directly or indirectly induce, attempt to induce, prevent, or attempt to prevent the sale, purchase, or rental of any dwelling or dwellings by: (a) implicit or explicit representations regarding the entry or prospective entry into the neighborhood of a person or persons of a particular age, race, color, religion, sex, gender identity, national or ethnic origin, or economic level or a handicapped person, or a person having a child, or implicit or explicit representations regarding the effects or consequences of any such entry or prospective entry…"

78. All political subdivisions of the Commonwealth are "persons" for the purposes of Chapter 151B.  See Section 1.

79. G.L. c. 151B, s. 1 defines the term "handicap" to mean "(a) a physical or mental impairment which substantially limits one or more major life activities of a person; (b) a record of having such impairment; or (c) being regarded as having such impairment, but such term shall not include current, illegal use of a controlled substance as defined in section one of chapter ninety-four C."

80. The ZBA violated Medico's rights and violated Chapter 151B by denying Medico's variance application in contravention of Chapter 40A and the local Zoning By-law, and G.L. c. 40A, s. 3.

81. The ZBA has exercised its powers to regulate land use in a way that discriminates against disabled persons without justification or cause by preventing development of a Facility that is necessary for their treatment and rehabilitation.

82. The ZBA's conduct was arbitrary, capricious, unreasonable, malicious and

in bad faith, and shocks the conscience.

83. The ZBA's wrongful actions prohibit Medico from providing access to a residential treatment facility on a property where it should be permitted to operate, an action that is discriminatory on its face against persons with disabilities, a discrete and insular minority that faces restrictions and limitations and has been subjected to a history of purposeful unequal treatment.

84. The ZBA's violation of G.L. c. 40A, Section 3 constitutes discrimination and therefore is a violation of G.L. c. 151B.

85. Because of the ZBA's denial of Medico's variance application and request for reasonable accommodation, Medico has expended significant time and financial resources, has lost the opportunity to timely conduct their business and provide a much-needed service, and is incurring substantial damages.

WHEREFORE, Medico demands judgment in its favor and against the Defendants, jointly and severally, and requests that the Court grant the following relief:
(1) Declaratory relief stating that the ZBA's actions were arbitrary, capricious, unreasonable, and in violation of Chapter 151B;
(2) Entry of an Order overturning the Board's improper denial of Medico's variance application and/or request for reasonable accommodation;
(3) Preliminary and permanent injunctive relief permitting Medico's construction and operation of the Facility as planned with reduced parking;
(4) Compensatory damages;
(5) Punitive damages;
(6) Attorneys' fees and costs; and
(7) Such other and further relief as the Court deems necessary and appropriate.

Plaintiff demands a trial by jury.

Dated: December 29, 2022.

Plaintiff, by counsel,

/s/Andrew J. Tine

_____
Andrew J. Tine (BBO#633639)
18 Maple Avenue, Suite 267
Barrington, RI 02806
(401) 396-9002 – Tel.
atine@tinelaw.com